Filed 5/14/26  In re K.A. CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| In re K.A. et al., Persons Coming Under the Juvenile Court Law. | |
| ORANGE COUNTY SOCIAL SERVICES AGENCY, Plaintiff and Respondent, v. A.H., Defendant and Appellant. | G066122 (Super. Ct. Nos. 24DP0938, 24DP0939) O P I N I O N |

Appeal from orders of the Superior Court of Orange County, June Jee An, Judge. Affirmed.

Roni Keller, under appointment by the Court of Appeal, for Defendant and Appellant.

Leon J. Page, County Counsel, Debbie Torrez and Deborah B. Morse, Deputy County Counsel, for Plaintiff and Respondent.

A.H. (Father) challenges the juvenile court's decision at a 12-month review hearing not to place his two children, K.A. and A.A., in his care. We conclude the evidence sufficiently supported the court's finding that placing the children with Father would be detrimental. We therefore affirm.

FACTS

I.

INITIAL PROCEEDINGS AND PRIOR APPEAL

K.A. and A.A. (born 2011) moved with their mother and three half-siblings from Alabama several years ago and ultimately arrived in California. Father remained in Alabama and had never had full-time care of his children.

The Orange County Social Services Agency initiated child welfare proceedings concerning the five children after one of them was found wandering and looking for food. The children were observed wearing soiled clothing and had not been consistently attending school. All five children were taken into protective custody and placed together at a temporary shelter. The juvenile court later sustained the Agency's child welfare petition. (See Welf. & Inst. Code, § 300, subd. (b)(1).)

At a December 2024 disposition hearing, the Agency presented evidence concerning the children's relationships and placement needs. A social worker testified that K.A. and A.A. had strong sibling bonds and the children all relied on each other for emotional support. Both children expressed a desire to remain with their mother and half-siblings, and K.A. was reportedly losing sleep due to anxiety about being separated from them. Although Father had cooperated with the Agency and expressed a desire for custody, the social worker opined that placing K.A. and A.A. with him in

2

Alabama would be detrimental to their emotional well-being, especially given the limitations of maintaining sibling relationships through virtual visits.

A.A. expressed a preference for living with his mother and siblings. He testified he missed Father and enjoyed spending time with him but also that he would feel sad if separated from his half-siblings. K.A. similarly testified she did not want to live with Father, explaining she never had a meaningful relationship with him. She said she would rather remain in the shelter than be separated from her half-siblings.

Father testified that he lived in Alabama with extended family nearby. He recounted previously hosting A.A. for a weeklong visit and said A.A. had expressed a desire to live with him. Father acknowledged that K.A. did not want to live with him but believed her concerns would resolve once in Alabama.

The juvenile court removed all five children from the mother's custody, ordered reunification services, and denied Father's request for temporary custody of K.A. and A.A. The court found that placing K.A. and A.A. with Father would be detrimental to their emotional well-being. It emphasized their dependence on their half-siblings for "love, support and security," the importance of maintaining those relationships, and the likelihood that relocation to Alabama would interfere with both those relationships and potential reunification with their mother.

We affirmed these orders on appeal, concluding that substantial evidence supported the juvenile court's detriment finding. (*In re K.A.* (Aug. 13, 2025, G065144) [nonpub. opn.].) We noted the strength of the sibling bonds, the children's expressed preferences, and the social worker's opinion that keeping the family close was in the children's best interests. We rejected Father's reliance on the mother's reunification deficiencies, explaining that

3

this consideration "would not outweigh as a matter of law the substantial evidence of emotional detriment."

## II.

### REVIEW HEARING

Following the disposition hearing, the Agency placed some of the five siblings with caregivers, while others remained in a temporary shelter. The children continued to have regular sibling visitation. Father maintained contact with K.A. and A.A. and continued to express his desire to have them placed in his care.

During this period, the mother made progress on her case plan. She completed counseling and a parenting program. Although she was still seeking stable housing and needed to address other logistical issues, she had a pending application for affordable housing. She had also married and the children had a positive relationship with her husband and his family.

At a combined 6-month/12-month review hearing, both K.A. and A.A. again expressed a clear preference to remain in California. Each testified they did not want to be placed with Father in Alabama and would prefer to remain in foster care near their mother and siblings.

The Agency social worker opined that placement with Father would be detrimental to the children's emotional well-being. She said this could cause them anxiety or depression and might prompt them to try to run away. She again noted the children's strong sibling bonds and their reliance on each other for support. The social worker believed there was a substantial likelihood that K.A and A.A. would be returned to the mother's care at the next review hearing.

The juvenile court again declined to place K.A. and A.A. with Father, finding that this would be detrimental to their emotional well-being.

4

In reaching that conclusion, the court emphasized the children's stated desire to stay in California, the "manifestly important" nature of their sibling relationships—which could not be adequately maintained from Alabama—and their bond with their mother. The court set the matter for an 18-month review hearing.

## DISCUSSION

The evidence supported the juvenile court's finding that releasing the children to Father would be detrimental to their emotional well-being.

At a review hearing, the court must return the child to parental custody unless it finds, by a preponderance of the evidence, that doing so would create a substantial risk of detriment to the child's safety, protection, or physical or emotional well-being. (*In re Joseph B.* (1996) 42 Cal.App.4th 890, 897.) We review that determination for substantial evidence. (*In re Yvonne W.* (2008) 165 Cal.App.4th 1394, 1400–1401.)

The record amply supports the court's detriment finding—indeed, the evidence is now stronger than it was when we affirmed the disposition orders. The core circumstances underlying the earlier ruling remain unchanged. K.A. and A.A. continue to express a strong desire not to be placed with Father, saying they would prefer to stay in foster care than be separated from their family. They maintain close bonds with their half-siblings and rely on those relationships for emotional support. And the social worker again opined that separating the family would be detrimental to the children's well-being, potentially causing anxiety or depression and even prompting them to run away. As in the prior appeal, this evidence is sufficient to sustain the juvenile court's finding. (*In re Luke M.* (2003) 107 Cal.App.4th 1412, 1426 [evidence of detriment sufficient where children had strong bonds with

5

siblings, they did not want to be separated from them, and social worker opined separation would be harmful].)

Subsequent developments further support the court's ruling. By the time of the review hearing, the mother had made substantial progress on her case plan. She completed required services, was actively seeking suitable housing, and had a new support system in her new husband and his family. According to the Agency social worker, there was a substantial probability of reunification at the next review hearing.

Against this backdrop, Father's contention that the children are at risk of "being set adrift" in the dependency system is unfounded. The record shows a significant likelihood of imminent reunification with the mother. And if for some reason this does not occur, the juvenile court will be able to revisit Father's request for custody of the children as circumstances evolve.

Finally, although the children are currently in separate placements, they are able to maintain their sibling relationships through regular in-person visits. They would be unable to do so if K.A. and A.A. were placed with Father out of state.

## DISPOSITION

The juvenile court's orders are affirmed.


SCOTT, J.

WE CONCUR:


MOTOIKE, ACTING P. J.


MOORE, J.